[Cite as *State v. Moschell*, 2010-Ohio-4576.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :      Case No.   10CA5

    vs.                                 :

CHRISTOPHER J. MOSCHELL,                :      DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Eric J. Allen, 713 South Front Street, Columbus, Ohio
                            43206[1]

COUNSEL FOR APPELLEE:       C. David Warren, Athens County Prosecuting Attorney,
                            and George Reitmeier, Athens County Assistant
                            Prosecuting Attorney, Athens County Courthouse, 1
                            South Court Street, Athens Ohio 45701

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-17-10


ABELE, J.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court judgment that
revoked community control and imposed a fifteen month prison sentence.   Christopher J.
Moschell, defendant below and appellant herein, previously pled guilty to assault on a
peace officer in violation of R.C. 2903.13(A).   Appellant assigns the following error for
review:

"APPELLANT'S RIGHT TO DUE PROCESS UNDER THE
FEDERAL AND STATE CONSTITUTIONS WAS VIOLATED AS
THE RECORD DOES NOT STATE WITH SPECIFICITY THE
VIOLATION OF COMMUNITY CONTROL TO WHICH
APPELLANT ENTERED AN ADMISSION[.]"

{¶ 2}   On September 9, 2008, appellant pled guilty to assaulting a peace officer. The next day, the trial court issued a judgment of conviction and sentence and imposed, inter alia, five years community control.

{¶ 3}   On May 19, 2009, a Notice of Community Control Violation alleged that appellant violated that control by an arrest for a number of different offenses, including domestic violence, assault and resisting arrest.   At the "first stage revocation" hearing, the parties agreed that appellant would stipulate to a general violation of community control, but not to the specific violations.   Defense counsel further explained:

"My client would enter an admission that he has in general violated the terms
and conditions of his community control.   We would ask the court to adopt
the agreement wherein he would have a fifteen month underlying sentence . .
."

{¶ 4}   At the "second stage" hearing some five months later counsel again stated that his client "admitted to violating the terms and conditions of his probation."   On December 16, 2009, the trial court imposed a fifteen month prison sentence.   This appeal followed.

{¶ 5}   Appellant asserts in his assignment of error that the trial court violated his "Due Process" rights because it did not state "with specificity" the precise community control provision(s) appellant violated.   We disagree.   Here, the reason the court did not

---

[1] Different counsel represented appellant during the trial court proceedings.

state the violation with "specificity" is because appellant chose to admit to a general

violation, rather than a specific violation, as the State alleged. Appellant cannot now

complain of a lack of specificity in the court's ruling when his own admission, and his

negotiated fifteen month sentence, are based on an admission that itself lacks specificity.

{¶ 6} To the extent that the trial court may have erred, and we do not believe it

did, appellant cannot now attempt to take advantage of an error that he invited. State v.

Wilson (1996), 74 Ohio St.3d 381, 396, 659 N.E.2d 292; State v. Seiber (1990), 56 Ohio

St.3d 4, 17, 564 N.E.2d 408. Moreover, his "general" admission to violating community

control would render any error harmless. See Crim.R. 52(A).

{¶ 7} Appellant candidly concedes that his actions may be seen as "invited error,"

but posits that he "is not required to protect his own constitutional rights." "It is the duty

of the trial judge," he maintains, to ensure that he "receives due process in his revocation

hearing." Again, we disagree.

{¶ 8} Any constitutional right may be waived provided that the waiver is made

knowingly, intelligently and voluntarily. State v. Rose (Mar. 20, 1997), Cuyahoga App.

No. No. 70984; State v. Simpson (Jun. 20, 1981), Hamilton App. No. NO. C-800373;

State v. Pfeifer (Jun. 14, 1978), Marion App. No. 9-77-17. Once again, in the case sub

judice appellant waived his right to a "specific" finding of a community control violation by

admitting to only a "general" violation of that control rather than specific violations that the

State alleged. Additionally, our review of the July 30, 2009 "First Stage" hearing

transcript reveals that the trial court carefully explained to appellant his rights and

ensured that he understood them. Also, appellant was represented by counsel at these

proceedings and counsel appeared satisfied with the agreement.

{¶ 9}   Accordingly, for these reasons we find no merit to the contention that appellant's Due Process rights were violated.   Thus, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.